OPINION
{¶ 1} Plaintiff-appellant, Evelyn Watson, appeals from the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, granting appellant and defendant-appellee, Francis D. Watson, a divorce from one another, allocating the parties' parental rights and responsibilities and dividing the parties' property and debts.
 {¶ 2} The parties were married on November 3, 1979. Two children were born as issue of the marriage, to wit: Christina Watson and David Watson, both of whom were minors at all times relevant hereto. Appellant filed her complaint for divorce on October 17, 2000, and she vacated the marital residence a short time thereafter. At the time of trial, appellant shared a rented house and the expenses associated therewith with an unrelated male with whom she has an ongoing sexual relationship. Appellee resided in the marital residence throughout the pendency of the divorce action.
 {¶ 3} The trial court's initial temporary orders required appellant to pay one-half of the monthly mortgage payment for the marital residence. The record reveals that appellant was unable to comply with this order and never contributed to the parties' monthly mortgage payment during the pendency of the proceedings below. On January 25, 2001, the parties agreed to a modification of certain of the court's temporary orders. Pursuant to that agreement, the court journalized an "Agreed Magistrate's Order" on March 2, 2001. That order provided, inter alia, that appellee would pay the entire monthly mortgage payment during the pendency of the proceedings, and would be permitted to utilize the parties' home equity line of credit in order to do so. The order further provided that appellee would thus be entitled to a credit for one-half of these monthly mortgage payments at the time of the final hearing.
 {¶ 4} Appellant is permanently and totally disabled and receives Social Security disability benefits as her sole source of income. She also receives a monthly Social Security disability benefit for each of the parties' two minor children.
 {¶ 5} In its decree, the trial court designated appellee the residential parent and legal custodian of the minor children, and awarded parenting time to appellant. The court ordered that one-half of the ongoing monthly Social Security disability benefits appellant receives on behalf of the minor children be paid directly to appellee as and for child support. The court stated that this reflects a downward deviation from guideline child support and that this downward deviation is equitable and in the best interests of the children.
 {¶ 6} The trial court awarded to appellee the marital residence, and ordered him to refinance same (or list it for sale) and pay to appellant her portion of the equity (or net proceeds of sale), all of which is marital. The court ordered to be deducted from appellant's share of the marital interest in the residence $9,664, representing one-half of the total amounts paid on the mortgage during the pendency of the divorce proceeding. The court also ordered to be deducted $3,342.35, representing one-half of the balance (as of November of 2001) of the parties' Discover Platinum card. The court expressly found that this debt was marital and thus divided it equally. The court also ordered to be deducted $950, representing one-half of the amount the court determined appellant received in lump-sum Social Security disability benefits on behalf of the parties' minor children. Finally, the trial court declined to award spousal support to appellant and expressly declined to reserve jurisdiction of the issue.
 {¶ 7} Appellant timely appealed and presents three assignments of error for our review, as follows:
First Assignment of Error
The Trial Court erred in refusing to award spousal support to Ms. Watson.
Second Assignment of Error
The Trial Court erred in refusing to retain jurisdiction over the issue of spousal support.
Third Assignment of Error
The trial court erred in its calculation of set offs from Ms. Watson's share of the equity in the Marital Residence.
a) The Trial Court erred by requiring Ms. Watson to repay from her equity in the marital residence one-half of the mortgage payments Mr. Watson made on the marital residence during the pendency of this case.
b) The Trial Court erred by requiring Ms. Watson to repay from her equity in the marital residence $3,342.35 representing one-half of the Discover Card debt of Mr. Watson, where the evidence showed that only $600 was marital debt.
c) The Trial Court erred by requiring Ms. Watson to repay from her equity in the marital residence one-half of the disability payments she received for the children under her disability award.
 {¶ 8} We will address appellant's second assignment of error first. Therein, appellant argues that the trial court erred in not reserving jurisdiction over the issue of spousal support. In Ward v.Ward (May 4, 2000), Franklin App. No. 99AP-66, this court held that, "[a] finding that spousal support is not warranted at the time of the decree confers finality on that issue and should not be subject to the continuing jurisdiction of the court." Id., at *9. Accordingly, because the trial court refused to make an award of spousal support to appellant, it did not err in expressly declining to retain jurisdiction over that issue. Accordingly, appellant's second assignment of error is overruled.
 {¶ 9} In her first assignment of error, appellant argues that the trial court erred in not awarding her spousal support. Specifically, she argues that the trial court erred in treating the fact that appellant shares a residence with an unrelated male as a complete bar to any spousal support award, despite the trial court's explicit finding that the evidence demonstrates appellant's need for such support.
 {¶ 10} The judgment entry reflects that the trial court conducted a thorough analysis of the factors to be considered in determining whether to award spousal support, pursuant to R.C. 3105.18(C)(1). At the conclusion of the trial court's analysis, it states, "[b]ased upon the above factors, the Court finds that Plaintiff has a need for spousal support. The Court, however, is unable to award spousal support under the current circumstances and does not reserve jurisdiction." (Judgment Entry, at 17.) In determining that it was "unable" to award spousal support to appellant, despite its finding of need, the trial court relied upon the case of Bernard v. Bernard (Jan. 30, 2002), Columbiana App. No. 00CO25.
 {¶ 11} Bernard stands for the proposition that, because trial courts have the power to terminate or reduce a spousal support award based upon post-decree cohabitation, it is logical that trial courts should be permitted to consider cohabitation during the pendency of divorce proceedings as "any other factor that the court finds to be relevant or equitable" pursuant to R.C. 3105.18(C)(1)(n). However, neither Bernard nor any decision of this court or the Supreme Court of Ohio holds that cohabitation during the pendency of divorce proceedings operates as an outright bar to spousal support when the evidence otherwise demonstrates a need for spousal support.
 {¶ 12} We agree with the Seventh Appellate District that cohabitation may be considered by the trial court in determining any award of spousal support, along with all of the other factors enumerated in R.C. 3105.18(C)(1). However, in making a spousal support determination, a trial court must consider all factors under R.C.3105.18(C)(1) and may not base its spousal support award on any one factor taken in isolation. Kaechele v. Kaechele (1988), 35 Ohio St.3d 93. Accordingly, the trial court erred in refusing to award spousal support to appellant based solely on the trial court's finding that appellant was cohabitating with an unrelated male at the time of trial. Appellant's first assignment of error is sustained.
 {¶ 13} In her third assignment of error, appellant argues first that the trial court erred in ordering that she repay from her share of the equity in the marital residence one-half of the mortgage payments paid by appellee during the pendency of the divorce proceedings. She argues that this is unfair, given the fact that appellee enjoyed exclusive possession and use of the marital residence during the pendency of the divorce action, and appellant maintained a separate residence for herself.
 {¶ 14} Appellee argues that it is fair and equitable to require appellant to reimburse appellee for one-half the mortgage payments made during the divorce proceedings for two reasons. First, he argues that if appellant is to receive one-half of the equity in the marital residence, as she in fact did, she should be required to bear the burden of making the payments that resulted in the final value of the parties' equity. Second, appellee directs our attention to the Agreed Magistrate's Order, journalized March 2, 2001. Therein, the order states, inter alia, that, "[a]t the time of the final hearing, the Defendant shall receive credit for one-half of the payments made to the mortgage company and on the equity line of credit, as part of the settlement of this case."[1]
 {¶ 15} We find appellee's arguments persuasive. It was not an abuse of the court's discretion to make its orders conform to the parties' earlier agreement. This is particularly true given the fact that, due to appellant's dire cash flow problems and despite the court's earlier orders to the contrary, appellee agreed to forego reimbursement until the court divided the equity in the marital residence. Moreover, given that the marital residence was entirely marital property and was also the parties' sole means of exiting the marriage with assets of any appreciable value, the court's decision to divide equally both the benefits and the burdens associated with the marital residence was not an abuse of its discretion.
 {¶ 16} Appellant next argues that the trial court erred in ordering that $3,342.35 be deducted from her share of the equity in the marital residence, representing one-half of the November 2001 balance of the parties' Discover card account. She argues that the marital portion of the balance of this account was only $600. For support of this contention, she points only to appellee's Exhibit "P" submitted at trial. The exhibit contains a list of debts for which appellee sought partial reimbursement, including, inter alia, uncovered medical payments, school supplies, home repairs and a balance on the parties' Discover card of $600. Appellant relies on this exhibit alone to establish that the marital debt incurred on the Discover card account equaled a maximum of $600, not the $6,550.70 found by the court.
 {¶ 17} As appellee points out, however, the trial court's judgment entry contains detailed findings of fact regarding the accumulation and payoff history of the parties' Discover card account. The court found that, in November 2001, the parties transferred a $6,550.70 balance on the Discover card to their Chase Platinum MasterCard. Because appellee incurred all of the subsequent charges on the Chase Platinum MasterCard as separate debt, the court ordered him to be responsible for this debt in its entirety. However, mindful of the fact that the $6,550.70 balance transfer from the Discover card, which was marital debt, still remained on the Chase Platinum MasterCard, the court ordered that one-half this amount be deducted from appellant's share of the equity in the marital residence.
 {¶ 18} Appellant has offered no argument, nor has she pointed to any evidence, demonstrating that the court's equal division of this marital debt was inequitable, or that the court committed plain error in its calculations. The fact that appellee's Exhibit "P" (created by appellee and not the banks that issued the credit cards) may have reflected a balance of $600 on the Discover card account as of some time after the November 2001 balance transfer (such as, perhaps, the trial date) does not demonstrate that the trial court erred. Copies of the parties' Discover and Chase credit card statements, contained in Exhibit "O" of appellee's trial notebook, support the court's findings. Accordingly, we find no abuse of discretion.
 {¶ 19} Finally, appellant argues that the trial court erred in ordering her to repay from her portion of the equity in the marital residence one-half of the lump-sum Social Security disability payments she received on behalf of the parties' children. Appellant argues this money was not a marital asset; rather, she maintains, because it is tantamount to earnings she should not be required to repay one-half of same to appellee as a form of marital property division.
 {¶ 20} Appellee argues that the trial court did not abuse its discretion, since the award was intended to benefit the parties' minor children, who, at the time the award was received, were residing equally with both parents. He also argues that because appellant presented no evidence that she shared any portion of the award with appellee to assist him in shouldering his half of the child-rearing duties, and no evidence that she in fact utilized all of the lump sum payments for the sole benefit of the parties' children, the court was correct in ordering appellant to repay one-half of these monies to appellee.
 {¶ 21} For support of her argument appellant cites the case ofWilliams v. Williams (2000), 88 Ohio St.3d 441. Therein, the Supreme Court of Ohio held that Social Security disability benefits received on behalf of minor children of the disabled parent are characterized as a substitute for income of the disabled parent rather than gratuities from the federal government.
 {¶ 22} We agree that Williams is applicable in the present case. The record reveals that the lump sum payments received on behalf of the parties' minor children represent benefits arrearages for the months of May 2001 through January 2002, during which appellant was in fact disabled but had not yet received approval of her disability application. As such, the lump sum payments received are identical to the monthly benefits at issue in Williams. Thus, the trial court erred in treating the lump sum payments as a marital asset subject to equitable division. Accordingly, we sustain the portion of appellant's third assignment of error respecting the children's lump sum Social Security disability payments, and reverse the portion of the judgment requiring that $950 be deducted from appellant's share of equity in the marital residence. We overrule the third assignment of error with respect to all other issues raised by appellant therein.
 {¶ 23} Appellant's first assignment of error is sustained, her second assignment of error is overruled and her third assignment of error is sustained in part and overruled in part. We reverse in part and affirm in part the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, and remand this case for further proceedings consistent with this opinion.
Judgment affirmed in part and reversed in part; cause remanded.
BRYANT and KLATT, JJ., concur.
[1] Appellant argues that because the parties reached no "settlement" of their own accord, but rather proceeded to trial, the agreement regarding reimbursement is inapplicable. We disagree. Clearly the magistrate's language demonstrates that the parties contemplated a trial, and refers to the court's post-trial "settlement" of the issues related to property division and any expenses associated therewith. Additionally, the parties' January 25, 2001 Memorandum of Agreement, upon which the Agreed Magistrate's Order was based, notes, "at final hearing def to get credit for 1/2 of payments made to mort. co. and on line of credit." This language, handwritten and approved by both parties and their counsel simultaneously with the making of the agreement, reveals that the agreed credit to be received by appellee was not conditioned on the parties reaching an out-of-court settlement of the case prior to trial.