JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff Jane Saloka ("Saloka") appeals the decision of the Cuyahoga County Court of Common Pleas denying her motion to set aside a settlement agreement with defendant Joseph Furlan ("Furlan"). Finding no error in the proceedings below, we affirm.
 {¶ 2} The following facts give rise to this appeal.
 {¶ 3} Furlan sued Saloka for defamation on March 30, 2000. Furlan obtained a temporary restraining order ("TRO") from the assigned judge of the Cuyahoga County Common Pleas Court preventing Saloka from harassing, annoying, writing letters or phoning Furlan during the pendency of the case. The suit arose from contact Furlan and Saloka had beginning in 1997 when Furlan, an Independence police officer, obtained mace or pepper spray for Saloka and a group of senior citizens. Saloka claimed Furlan began stalking her, made unwanted telephone calls to her home and intimidated her. Furlan claimed it was Saloka who stalked him. He claimed she began a wrongful campaign to discredit him professionally by filing numerous false claims of harassment against him and by maliciously sending numerous letters to other law enforcement agencies and public officials. Saloka's "campaign" included contacting the F.B.I., the Secret Service, Governor Taft and the Cuyahoga County Prosecutor's Office, among others, to complain about Furlan.
 {¶ 4} On September 19, 2000, Saloka entered into a settlement agreement with Furlan whereby she agreed to pay him $9,000 in damages for his claim of defamation. Despite this apparent settlement, Saloka sued the city of Independence and the Independence Police Department over the alleged acts of Furlan, their employee. The case was dismissed by the granting of a motion for summary judgment by the trial court in Furlan's favor on February 27, 2003.
 {¶ 5} On June 11, 2003, Saloka moved to have the September 2000 settlement agreement in the initial case set aside. The court denied her motion without a hearing on June 25, 2003. Saloka appeals from that decision, advancing one assignment of error.
 {¶ 6} "The trial court abused its discretion in denying Plaintiff's revised motion to set aside settlement and request for hearing."
 {¶ 7} In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must establish that "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds for relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTEAutomatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146.
 {¶ 8} A Civ.R. 60(B) motion will not be overruled unless the trial judge committed an abuse of discretion. Griffey v. Rajan
(1987), 33 Ohio St.3d 75. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 9} Furlan maintains Saloka's efforts to vacate the settlement are not legitimately based on her claims of purported fraud but rather on her desire to continue contact with Furlan. Furlan's counsel describes this desired contact as a "fatal attraction."
 {¶ 10} Saloka initially claimed at the trial court that the judgment should be set aside on the basis of Civ.R. 60(B)(1), (2), (3), and (5). Civ.R. 60(B) outlines the basis for the remedy sought:
"(1) mistake, inadvertence, surprise or excusable neglect;
 "(2) newly discovered evidence which by due diligence couldnot have been discovered in time to move for a new trial underRule 59(B);
 "(3) fraud (whether heretofore denominated intrinsic orextrinsic), misrepresentation or other misconduct of an adverseparty;
"* * *
"(5) any other reason justifying relief from the judgment."
 {¶ 11} While still referencing these earlier claims, Saloka now focuses her request for relief on a claim of fraud under the "any other reason" justifying relief from judgment under Civ.R. 60(B)(5).
 {¶ 12} Saloka argued in the trial court and at oral hearing that she discovered documents in 2002 that Furlan never disclosed to her. Saloka claimed these documents satisfied "surprise" and "newly discovered evidence" as well as "fraud" under Civ.R. 60(B)(1), (2), and (3). The documents were an e-mail memo and a police memo, both from 1999, implying Saloka may be "under investigation" and may be suffering from a "mental illness."
 {¶ 13} We note that Furlan did not author these documents, nor does their existence suggest they would exonerate Saloka at trial. Further, the claim that these documents created "surprise" or were "newly discovered evidence" or evidence of "fraud" need not be addressed by this court. The motion to vacate the settlement was filed nearly three years after the settlement agreement and more than one year after these documents were purportedly "discovered." The filing delay by Saloka for claims under the first three prongs of Civ.R. 60(B) falls far outside the one-year time limitation imposed by Civ.R. 60(B). CuyahogaSupport Enforcement Agency v. Guthrie (1999), 84 Ohio St.3d 437. Thus, these claims by Saloka are time-barred.
 {¶ 14} The fact that Saloka claims not to have discovered the new evidence until close in time to the filing of her motion is irrelevant. The time limits of Civ.R. 60(B) refer to the judgment from which relief is sought, not to the time of discovery of the new evidence. Id. We decline the invitation to alter the clear meaning of Civ.R. 60(B).
 {¶ 15} Saloka focuses her current appeal on Civ.R. 60(B)(5) that provides for relief where "any other reason" is justified. Saloka claims the "any other reason" is the alleged prejudice of the trial judge. Saloka contends her motion should have been granted because she was unaware of the close personal connections of the judge to the City of Independence until after her settlement.
 {¶ 16} Saloka cites the Code of Judicial Conduct which requires a trial judge's recusal when her "impartiality might reasonably be questioned." Canon 3, Section (E)(1). The key word here is "reasonably." Saloka argues the following facts reasonably call into question the trial judge's impartiality: (1) The trial judge was raised in Independence; (2) This matter involved an Independence police officer and a citizen of Independence; (3) The trial judge's relatives own property in Independence; and (4) The trial judge participated in a parade in Independence.
 {¶ 17} Saloka admits she failed to raise these issues via an affidavit of prejudice because "she was unaware of the commercial real estate owned" by a relative of the trial judge until recently. Saloka also does not dispute that the trial judge informed both parties early on in this matter that she was raised in Independence, but no longer resides there. Saloka did not question the trial judge's impartiality or move to have her recused until after receipt of this adverse ruling.
 {¶ 18} In reviewing the facts in the record, we note that the City of Independence was not a party to the lawsuit that is the subject of this appeal. In addition, Furlan sued Saloka not as a police officer for the City of Independence, but as a private citizen. Further, Saloka herself was a resident of Independence for 38 years. Using Saloka's logic, this fact would equally imply the trial judge could also be biased toward Saloka in the case.
 {¶ 19} As discussed above, the failure of Saloka to file an affidavit of prejudice is controlling. "It is not within the purview of the Court of Appeals of Ohio to void a trial court judgment on the basis of disqualification of a trial court judge. If a party believes that a judge is biased and should not preside over a case, the burden is on that party to file an affidavit of disqualification with the Supreme Court of Ohio." State v.Pearson, Geauga App. Nos. 2002-G-2413, and 2002-G-2414, 2003-Ohio-6962.
 {¶ 20} Further, there is no evidence the outcome of this case would have been any different had the trial judge been replaced. The case was settled voluntarily by both parties. Where a finding that the judge's participation in the case does not give rise to the appearance of impropriety or indicate the decision would have been different if the judge had stepped aside, a trial court's denial of a Civ.R. 60(B)(5) motion is proper. Elsass v. Frank, Franklin App. No. 02AP-1240, 2003-Ohio-2947. Likewise, in this case, such a finding must be made by this court given the unsupported and haphazard argument by Saloka that the judge's close social and economic ties to the city required she recuse herself. Although Saloka correctly cites Volodkevich v.Volodkevich (1988), 35 Ohio St.3d 154, for the proposition that Civ.R. 60(B)(5) is a "catch-all" provision reflecting the court's inherent power to relieve a party from the unjust operation of a judgment, she fails to address the limitations placed on this rule. In Snow v. Brown, Franklin App. No. 02AP-1236, 2003-Ohio-3300, the Tenth District stated "[h]owever, the concept must be `narrowly construed to embrace only that type of conduct which defiles the court itself, or fraud which is perpetrated by officers of the court so as to prevent the judicial system from functioning in the customary manner of deciding cases presented in an impartial manner.'" Id., quoting Hartford v. Hartford
(1977), 53 Ohio App.2d 79-84.
 {¶ 21} Saloka also contends that a fraud was committed upon the court by introduction of evidence that she was threatening Furlan despite a deposition from another case suggesting she never threatened Furlan. This claim is not a basis for vacating a voluntary settlement agreement. Saloka's own brief admits she believed Furlan was lying about these purported "threats" when the TRO was initially granted. Nevertheless, she still voluntarily settled the claim. In the transcript relied upon by Saloka, Furlan claims he believed she was threatening his job, not his person. We also note that Saloka's fraud claim goes to the TRO, not to the issue of defamation, which was the basis of the agreed settlement.
 {¶ 22} Even taking Saloka's claim at face value, the fraud allegation falls squarely within Civ.R. 60(B)(3). Consequently, Saloka failed to file a Civ.R. 60(B)(3) motion within one year of the agreed judgment entry. Further, a party may not circumvent the one-year limitation by seeking to vacate a judgment under Civ.R. 60(B)(5) that is not subject to the one-year limitation but is duplicative of a ground which is subject to the limitation. Dealease Serv. Corp. v. Gagel (Apr. 25, 1985), Montgomery App. No. 9212. This allegation falls clearly within the scope of Civ.R. 60(B)(3), and Saloka, again, failed to file a Civ.R. 60(B)(3) motion within one year of the agreed judgment entry.
 {¶ 23} We do not find that the trial court's decision to overrule appellant's motion was unreasonable, arbitrary, or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151.
 {¶ 24} The judgment is affirmed.
Judgment affirmed.
Cooney, P.J., and McMonagle, J., concur.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.