OPINION
{¶ 1} Defendant-appellant, Yan Krayterman, appeals the child custody decision made by the Butler County Domestic Relations Court. We affirm the decision of the trial court.
 {¶ 2} Appellant and plaintiff-appellee, Galina Krayterman, were married in 1995. A son, Phillip, was born in 1999. The parties were living in Butler County with Phillip and appellee's minor child from a previous marriage, when the couple separated in June 2001. Appellee filed for divorce the same month, and appellant filed a counterclaim for divorce. Both parties sought custody of Phillip.
 {¶ 3} The trial court ordered that discovery be completed on December 14, 2001. After the parties conducted discovery depositions, appellant requested that the parties have psychological evaluations completed in 2002. The trial court approved this request and ordered appellant to pay for the evaluations.
 {¶ 4} Approximately one week before an August 30, 2002 contested hearing, appellant indicated his intent to call two additional witnesses based upon the psychological reports. The trial court told appellant that, due to the delay in identifying the witnesses, they would only be permitted to testify in rebuttal.
 {¶ 5} A hearing was held on the contested custody issue. The trial court issued a decision granting the divorce, naming appellee residential parent, and giving appellant parenting time according to court guidelines. The trial court filed an entry on May 9, 2003, setting that date as the date of the decree of divorce for purposes of appeal. Appellant appeals the custody determination, setting forth four assignments of error.
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "The court erred in the judge not recusing herself from the case when her actions and statement showed a clear bias and prejudice."
 {¶ 8} Appellant lists numerous incidents that he asserts would indicate the trial judge's bias and prejudice, including allegations that the trial judge never sanctioned appellee for delays appellant claims appellee caused in the proceedings, that the judge set a 7:00 a.m. court hearing knowing that appellant's attorney commuted, and that the judge made a statement about protecting the record for appeal that appellant believed showed the trial judge had predetermined the outcome.
 {¶ 9} The record indicates that appellant asked the trial judge to transfer the case to another judge on the morning of the hearing. The trial court indicated that it did not believe it was biased and denied the request. The record does not indicate that appellant filed an affidavit of bias and prejudice with the Chief Justice of the Ohio Supreme Court under R.C. 2701.03.[1]
 {¶ 10} The Chief Justice of the Supreme Court of Ohio, or his designee, has exclusive jurisdiction to determine a claim that a common pleas judge is biased or prejudiced. Beer v. Griffith (1978),54 Ohio St.2d 440, 441-442. "We conclude that R.C. 2701.03 provides the exclusive means by which a litigant may claim that a common pleas judge is biased and prejudiced." Jones v. Billingham (1995), 105 Ohio App.3d 8,11. It is not within the purview of the court of appeals to void a trial court judgment on the basis of disqualification of a trial court judge.Furlan v. Saloka, Cuyahoga App. No. 83186, 2004-Ohio-1250, at ¶ 19.
 {¶ 11} Accordingly, appellant failed to pursue the proper avenue to address the issue of alleged bias and prejudice. Appellant's first assignment of error is overruled.
 {¶ 12} Assignment of Error No. 2:
 {¶ 13} "The court erred in not allowing the appellant to present testimony regarding his counseling that was put at issue in the psychological report."
 {¶ 14} Appellant argues that he wanted two witnesses to address an issue that was raised in the psychological reports completed by the parties at appellant's request. The trial court had ruled that the witnesses could only be introduced in rebuttal because they were not identified as witnesses until shortly before trial.
 {¶ 15} We note that the psychological reports were not introduced at trial, no witness testified about the reports at trial, the reports were not proffered by either party, and the reports were not provided to this court.
 {¶ 16} Appellant's psychiatrist did testify at trial that he was treating appellant in 2000 for depression related to an automobile accident. The trial court would not permit the witness to testify about whether appellant was a "forthright person" or if he was credible when he discussed sexual abuse allegations.
 {¶ 17} The admission or exclusion of evidence is generally within the sound discretion of the trial court, and a reviewing court may reverse only upon a showing of an abuse of that discretion. Shoemake v. Hay,
Clermont App. No. CA2002-06-048, 2003-Ohio-2782, at ¶ 9, citing Renfrov. Black (1990), 52 Ohio St.3d 27, 32; Evid.R. 104.
 {¶ 18} After reviewing the record provided to this court, we cannot say that the trial court abused its discretion when it made a determination to admit or exclude the subject testimony. Appellant's second assignment of error is overruled.
 {¶ 19} Assignment of Error No. 3:
 {¶ 20} "The court erred in its findings stating that they [sic] found ["o.c.k"]'s testimony credible when clearly the manifest weight of the evidence showed that [o.c.k.]'s testimony was anything but credible."[2]
 {¶ 21} Appellant argues that O.C.K's trial testimony was inconsistent when she testified that appellant engaged in sexual relations with her in 1999. Appellant argues that O.C.K. indicated that she was not sexually active before or after the incidents, but no physical examination was conducted to detect the physical signs of intercourse when she disclosed the incidents in 2001. Appellant also asserts that O.C.K's behavior was inconsistent on whether she "hated" appellant or "loved" appellant and appreciated his parenting.
 {¶ 22} The trial court serves as the trier of fact in a divorce proceeding and must judge the credibility of the witnesses and the weight of the evidence. Corbett v. Corbett (Mar. 11, 1996), Clermont App. No. CA95-07-047, citing Bussey v. Bussey (1988), 55 Ohio App.3d 117, 119.
 {¶ 23} The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witnesses. See State v.Lawson (Aug. 22, 1997), Montgomery App. No. 16288. The trial judge has the best opportunity to view the demeanor, attitude, and credibility of each witness, which does not translate well on the written page.Dildilian v. Dildilian (Jan. 20, 1998), Butler App. No. CA97-03-050.
 {¶ 24} The trial court heard O.C.K.'s testimony and the fact that no physical examination took place. After reviewing the record, we find that the trial court did not err in its determination of the credibility of O.C.K's testimony. Appellant's third assignment of error is overruled.
 {¶ 25} Assignment of Error No. 4:
 {¶ 26} "The court erred in granting the appellee custody of the minor child when the manifest weight of the evidence showed that the appellant was the primary caretaker and best suited custodial parent for the minor child."
 {¶ 27} Appellant argues that he was primary caretaker of Phillip while he was unemployed and appellee was serving her medical residency. The trial court also heard testimony that the parties employed nannies during some of the time period in question. Testimony was also presented by appellee and by O.C.K. that appellant was a good father to Phillip.
 {¶ 28} Custody decisions "are some of the most difficult and agonizing decisions a trial judge must make." Davis v. Flickinger, 77 Ohio St.3d 415,418, 1997-Ohio-260. A trial judge must have wide latitude in considering all the evidence before it, and such a decision must not be reversed absent an abuse of discretion. Id. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 29} Trial courts are given wide latitude in determinations regarding parental rights and responsibilities because the "trial judge has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." Davis; Dildilian.
 {¶ 30} While a trial court's discretion in a custody proceeding is broad, it is not absolute. Doerman v. Doerman, Butler App. No. CA2001-03-071, 2002-Ohio-3165, at ¶ 25. The trial court must follow the procedure outlined in R.C. 3109.04 when making an initial allocation of parental rights and responsibilities, and the primary concern of the trial court is the child's best interest. Id.; R.C. 3109.04(B)(1). The trial court must consider all relevant factors related to the children's best interest, including the factors specified by R.C. 3109.04(F)(1).
 {¶ 31} Where an award of custody is supported by a substantial amount of credible and competent evidence, such an award will not be reversed as being against the weight of the evidence by a reviewing court, Bechtolv. Bechtol (1990), 49 Ohio St.3d 21, syllabus.
 {¶ 32} The trial court outlined and discussed the R.C. 3109.04(F)(1) best interest factors in its decision. The trial court indicated that it struggled to reconcile the testimony that appellant was a good father to Phillip with the evidence of inappropriate sexual conduct with a female minor.
 {¶ 33} While appellant disputes some of the best interest findings of the trial court, after reviewing the record, we find that substantial competent, credible evidence supports the trial court's custody determination. The trial court did not abuse its discretion in this matter. Appellant's fourth assignment of error is overruled.
 {¶ 34} Judgment affirmed.
Young, P.J., and Powell, J., concur.
[1] R.C. 2701.03 indicates that a party alleging bias or prejudice by the trial judge for or against a party in a proceeding may file an affidavit of disqualification with the Ohio Supreme Court Chief Justice for determination.
[2] We will refer to the female minor witness as "O.C.K" for purposes of this appeal.