OPINION
{¶ 1} Defendant-appellant, Charlene Tomes, appeals the decision of the Butler County Court of Common Pleas, Domestic Relations Division, granting the divorce complaint of plaintiff-appellee, Robert Tomes. We affirm in part, and reverse and remand in part.
 {¶ 2} The parties were married in 1977 and no children were born issue of the marriage. They separated in June 1996 and generally agreed on issues of support and the division of marital property. They sold the marital residence in July 1997 and used the proceeds to pay marital debts. The remaining equity was divided equally between the parties, and thereafter their finances remained separate. Appellee retired in December 1999 and began withdrawing funds from his pension, paying a portion of the monthly withdrawals to appellee. As a result of market conditions, investment decisions, and withdrawals, the retirement account lost approximately $203,000 in value from January 2000 to June 2003. Unbeknownst to appellee, appellant moved to Florida where she resided with Donald Hammonds, an unrelated, adult male. The two left Florida and returned to Ohio in 2001, where they shared a one-bedroom apartment and continued sharing living expenses.
 {¶ 3} Appellee filed a complaint for divorce in August 2002. After hearing evidence, the trial court found that the de facto termination date of the marriage was August 1997, when the parties separated their finances. The trial court divided appellee's pension equally between the parties and denied appellant's request for spousal support, concluding that she had cohabited with Hammonds. Appellant appeals the trial court's decision, raising two assignments of error related to the division of appellee's pension, and the denial of spousal support.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "The trial court erred to the prejudice of defendantappellant in finding the issue of spousal support was moot because of appellant's cohabitation."
 {¶ 6} Appellant initially contends that the trial court erred by finding that she cohabited with Hammonds.
 {¶ 7} The term "cohabitation" contemplates a relationship that approximates or is the functional equivalent of a marriage. Piscione v.Piscione (1992), 85 Ohio App.3d 273, 275. "[T]he essential elements of `cohabitation' are (1) sharing of familial or financial responsibilities and (2) consortium." State v. Williams, 79 Ohio St.3d 459,465, 1997-Ohio-79. Thus, "cohabitation requires not only a relationship, sexual or otherwise, of a permanent, continuing nature, but also some sort of monetary support between the [recipient] spouse and the paramour so as to be the functional equivalent of a marriage." Barrett v. Barrett
(June 10, 1996), Butler App. No. CA95-06-110 at 21.
 {¶ 8} Whether a person has cohabited is a question of fact that is best determined by the trial court on a case-by-case basis. Moell v.Moell (1994), 98 Ohio App.3d 748, 752. Consequently, an appellate court will not reverse the judgment of a trial court with respect to a determination of cohabitation if it is supported by some competent, credible evidence. Piscione at 276.
 {¶ 9} Appellant testified that she and Hammonds enjoyed each other's company, that she moved to Florida to live in his home, giving up her apartment in Ohio, and that they shared living expenses. She testified that she thought she had a "good thing going" with Hammonds, which she later clarified to mean a "good friendship thing." She testified that the two later moved back to Ohio, and together leased a one-bedroom apartment, and continued to share living expenses. While appellant also testified that the relationship was platonic, the trial court determined that this testimony was not credible.
 {¶ 10} Having carefully reviewed the record, we find that the trial court's determination that Hammonds and appellant cohabited is supported by competent, credible evidence. This determination turned on the credibility of appellant's testimony that the relationship was platonic. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witnesses. Krayterman v. Krayterman, Butler App. No. CA2003-05-108, 2004-Ohio-2592. The trial judge has the best opportunity to view the demeanor, attitude, and credibility of each witness, and this court will not second-guess its judgment. Id.;Dildilian v. Dildilian (Jan. 20, 1998), Butler App. No. CA97-03-050.
 {¶ 11} Appellant next contends that the trial court erred by concluding that her cohabitation rendered the issue of spousal support moot. The trial court denied appellant's request for spousal support, concluding as follows:
 {¶ 12} "The factors in determining the issue of spousal support are controlling upon the Court as directed in Section 3105.18(C) — (1)(e) through (n) of the Ohio Revised Code. The Court, in review of these factors, finds that the issue of spousal support is moot. Despite testimony otherwise, the Court finds that [appellant's] relationship with Mr. Hammonds was cohabitation. * * * The court is not going to order any further spousal support in this matter."
 {¶ 13} We recognize that, because certain circumstances permit trial courts to terminate or reduce a spousal support award based upon post-decree cohabitation, it is logical that trial courts should be permitted to consider cohabitation during the pendency of divorce proceedings as "any other factor that the court finds to be relevant or equitable" pursuant to R.C. 3105.18(C)(1)(n). See Bernard v. Bernard,
Columbiana App. No. 00CO25, 2002-Ohio-552. However, we find no authority to support the proposition that cohabitation during the pendency of divorce proceedings operates as an outright bar to spousal support.
 {¶ 14} Rather, we agree with the reasoning of the Seventh and Tenth Appellate Districts that cohabitation may be considered by the trial court in determining any award of spousal support, along with all of the other factors enumerated in R.C. 3105.18(C)(1). See Bernard; Watson v. Watson,
Franklin App. No. O3AP-104, 2003-Ohio-6350. However, in making a spousal support determination, a trial court must consider all factors under R.C. 3105.18(C)(1) and may not base its spousal support award on any one factor taken in isolation. Watson at ¶ 12; Kaechele v. Kaechele (1988),35 Ohio St.3d 93, 96. Accordingly, the trial court erred in refusing to consider the issue of spousal support based solely on its finding that appellant cohabited with an unrelated, adult male.
 {¶ 15} Appellant's first assignment of error is sustained in part. We remand this matter to the trial court for the limited purpose of considering the appropriate statutory factors when ruling on appellant's request for spousal support.
 {¶ 16} Assignment of Error No. 2:
 {¶ 17} "The trial court erred to the prejudice of defendantappellant in establishing a de facto termination of marriage date but dividing the appellee's pension as of the trial date."
 {¶ 18} In her second assignment of error, appellant argues that the trial court erred by not dividing appellee's pension as of the de facto date the marriage terminated.
 {¶ 19} The trial court is vested with broad discretion in establishing an equitable division of marital property in a divorce action. Middendorfv. Middendorf, 82 Ohio St.3d 397, 401, 1998-Ohio-403. A reviewing court may modify a property division only upon a finding that the trial court abused its discretion in dividing the property as it did. Cherry v.Cherry (1981), 66 Ohio St.2d 348, 355. The term "abuse of discretion" means that the trial court's judgment is "unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. "The abuseof-discretion standard is based upon the principle that a trial court must have the discretion in domestic relations matters to do what is equitable given the facts and circumstances of each case." Jefferiesv. Stanzak (1999), 135 Ohio App.3d 176, 179, citing Booth v. Booth
(1989), 44 Ohio St.3d 142, 144.
 {¶ 20} The trial court determined that appellee's pension was a marital asset and ordered that it be divided equally between the parties. The trial court utilized the present value of the pension, not the value as of the de facto termination of the marriage. In so doing, the trial court noted that appellee had paid appellant $1,200 of the $3,000 he withdrew monthly from the account over the course of several years prior to the divorce proceeding. In order to equalize these payments, the trial court awarded appellant an additional $12,000, the difference between the amount she had received, and the amount appellee had received. The trial court then ordered that the remaining value of the pension be divided equally.
 {¶ 21} Upon review of the record, we find that the trial court equitably distributed this asset, and consequently, its decision does not constitute an abuse of discretion. "The choice of a date as of which assets available for equitable distribution should be identified and valued must be dictated largely by pragmatic considerations." Berish v.Berish (1982), 69 Ohio St.2d 318, 319. In the present case, both parties had been receiving funds from the pension for a period of years before the final divorce hearing. Utilizing the pension's value as of the date of the final hearing was simply a practical means of arriving at an equitable distribution of the asset. The second assignment of error is overruled.
 {¶ 22} Judgment affirmed in part, reversed in part, and remanded for further proceedings.
Powell, P.J., and Hendrickson, J., concur.
Hendrickson, J., retired, of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 6(C), Article IV of the Ohio Constitution.