OPINION
Appellant Oscar Johnson, Jr. appeals a judgment of the Stark County Common Pleas Court adjudicating him to be a sexual predator pursuant to R.C. 2950.09:
 "I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE HOUSE BILL 180 (HEREINAFTER H.B. 180) PROCEEDINGS AGAINST HIM ON EX POST FACTO GROUNDS.
 "II. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON DOUBLE JEOPARDY GROUNDS.
 "III. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS BECAUSE H.B. 180 IS UNCONSTITUTIONALLY VAGUE.
 "IV. THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING.
 "V. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR EXPERT WITNESS FEES."
On February 16, 1993, appellant was indicted by the Stark County Grand Jury with one count of rape, two counts of gross sexual imposition, and two counts of child endangering.
The case proceeded to jury trial in the Stark County Common Pleas Court. The evidence at trial demonstrated that appellant repeatedly engaged in sexual conduct with two boys: John Rodgers, Jr., who was seven years old at the time, and Mark Davis, John's thirteen year old brother. Appellant is the great uncle of both victims. The misconduct occurred during overnight stays at appellant's one-room apartment, when the boys were helping appellant with a paper route. Appellant repeatedly fondled both children sexually, and also put his mouth on John Rodgers' penis. After John Rodgers, Sr., discovered the wrongdoing, he confronted appellant, and beat him up. Appellant was convicted as charged. The court merged the convictions for child endangering with the convictions for gross sexual imposition. The court imposed an indeterminate term of incarceration of 10 to 25 years for rape, and a determinate term of two years incarceration on each gross sexual imposition conviction. The sentences were ordered to run consecutively.
On direct appeal to this court, we affirmed the judgment of conviction and sentence. State v. Johnson (January 30, 1995), Stark Appellate No. 1994-CA-0051.
Pursuant to R.C. Chapter 2950, the Ohio Department of Rehabilitation and Corrections recommended that appellant be classified as a sexual predator. The court conducted a hearing, and adjudicated appellant to be a sexual predator.
 I
Appellant argues that the trial court erred in failing to dismiss the sexual predator classification proceedings against him on the grounds of ex post facto. This assignment of error is overruled on the authority ofState v. Cook (1998), 83 Ohio St.3d 404, 1998-Ohio-291, cert. denied (1999), 525 U.S. 1182.
 II
Appellant next argues that the court erred in failing to dismiss the sexual predator classification proceedings because they violate the double jeopardy protections afforded by the Ohio and United States Constitutions. The Ohio Supreme Court has considered and rejected this claim. State v. Williams (2000), 88 Ohio St.3d 513, 2000-Ohio-375.
The second assignment of error is overruled.
 III
In his third assignment of error, appellant argues that the trial court should have dismissed the sexual predator classification proceedings because H.B. Bill 180 is unconstitutionally vague. This assignment of error is overruled on the authority of State v. Williams
(2000), 88 Ohio St.3d 513, 2000-Ohio-375.
 IV
Appellant argues that there was not clear and convincing evidence to support the court's finding that he was likely to re-offend.
A judgment supported by some competent, credible evidence going to all of the elements of the case will not be reversed by the reviewing court as against the weight of the evidence. C. E. Morris Company v. FoleyConstruction Company (1978), 54 Ohio St.2d 279, syllabus.
R.C. 2950.09 (B)(2) lists the factors a trial court should consider in making a sexual predator determination:
"(a) The offender's age;
 "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 "(g) Any mental illness or mental disability of the offender;
 "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
In this case, the court's conclusion that appellant was likely to re-offend was supported by competent, credible evidence. At the time of the offense, appellant was fifty-one years old, while his victims were seven years and thirteen years respectively. Appellant had a prior criminal record from the state of Florida, having been convicted in 1983 of sexual battery, family offense, and lewd and lascivious behavior in the presence of a child. There was no indication that appellant completed any sex offender treatment programs while incarcerated. Further, the court found that contrary to the screening instrument, the evidence demonstrated that during the commission of the sexually oriented offense, appellant displayed cruelty, as Mark Davis testified that appellant said if Mark told anyone about the incident, appellant would kill Mark's family.
Based on the evidence presented to the trial court, the judgment classifying appellant as a sexual predator is supported by competent, credible evidence. The fourth assignment of error is overruled.
 V
Appellant argues that the court abused its discretion in overruling his motion for appointment of an expert witness to provide a psychological evaluation of his likelihood to re-offend.
R.C. 2950.09 (B)(1) provides that at the sexual predator classification hearing, both the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses. In ensuring that an offender's rights under the statute are preserved, the Ohio Supreme Court has held that indigent offenders may be entitled to appointment of an expert witness to assist them at a classification hearing if the court determines, within its sound discretion, that such services are reasonably necessary to determine whether the offender is likely to re-offend. State v. Eppinger (2001), 91 Ohio St.3d 158,2001-Ohio-247, at syllabus.
In Eppinger, the Supreme Court ruled that the trial court abused its discretion in denying the offender's motion for appointment of an expert witness because of the scant evidence in the record relating to his likelihood to re-offend. The court noted there was no history of similar offenses, and the offender had only been convicted of one sexually oriented offense. The Supreme Court concluded that because the offender had been convicted of only one sexually oriented offense, and there was an absence of a history of similar offenses or other indicators, an expert was reasonably necessary to aid the trial court in making a determination. Id. at 163.
In the instant case, appellant had been convicted of other sexually oriented offenses in Florida, in 1983. The Ohio convictions involved multiple offenses and multiple victims. Further, appellant did not avail himself of any sex offender treatment while in prison in Ohio. Unlike the record in Eppinger, the record in the instant case had ample facts to allow the trial court to assess appellant's likelihood to re-offend, based on his past conduct. The court did not abuse its discretion in overruling appellant's request for an expert witness.
The fifth assignment of error is overruled.
The judgment of the Stark County Court of Common Pleas is affirmed.
By GWIN, P.J., WISE, J., and EDWARDS, J., concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs to appellant.