OPINION
{¶ 1} Defendant-appellant, Michael Kraus, appeals the trial court's decision regarding the set-off he is to receive from his child support obligation as a result of Social Security payments made to his children.[1]
 {¶ 2} Appellant and appellee were divorced in 1994. Appellant was ordered to pay $110.12 per month, per child in child support obligation. In September 2001, appellant's application for Social Security disability benefits was approved. Appellant's two children received a lump-sum payment which represented disability payments for January 2000 through July 2001, the period in which appellant was found to be disabled. Appellant filed a motion to credit his delinquent child support account with the full amount of social security benefits received by the children. Appellant requested the lump-sum payment be credited against the arrearage, the obligations which existed during his disability, and that he receive a credit against future support obligations.
 {¶ 3} The trial court determined that appellant should be credited "only as to his current obligation during that period and any accumulated arrearage." The trial court further ordered that appellant "shall not be credited with having pre[-]paid his future support obligations."
 {¶ 4} Appellant now appeals the trial court's decision that he is not entitled to a credit for his future child support obligations from the lump-sum Social Security payment. In a single assignment of error, he argues that the trial court erred by denying him a full credit against his child support obligation for the Social Security payments made on his behalf.
 {¶ 5} In Williams v. Williams, 88 Ohio St.3d 441, 2000-Ohio-375, the Ohio Supreme Court examined the issue of whether a parent is entitled to credit against a child support obligation for Social Security payments made on a minor's behalf because of the parent's disability. The court found that the amount of the Social Security benefits should be set off from the disabled parent's monthly child support obligation, rather than used to reduce the joint child support obligation of the parents. Id.
 {¶ 6} Appellant argues that the trial court erred because it only gave him a "partial" credit when, according to Williams, "a disabled parent is entitled to a full credit in his or her child support obligation for Social Security payments received by the minor child." Appellant argues that based on the language in Williams, all funds paid to minor children on his behalf as a result of his disability should be credited to the account, including a credit against any future obligations that he might have. Appellant further asserts that his situation is analogous toWilliams, where the court held that payments would be credited against existing and future obligations.
 {¶ 7} However, contrary to appellant's argument, a careful reading of Williams does not lead to this result. Although the Williams court used the words "full credit," this language was a reference to a full credit on behalf of the disabled parent, rather than a "partial" credit to each parent if the Social Security payments were deducted from the total child support obligation. The language was not used in the context of a full "dollar for dollar" credit for all Social Security payments against all child support obligations.
 {¶ 8} In fact, after stating that the disabled parent was entitled to a "full credit," the next sentence of the court's decision applies the holding to the facts of the case. The Williams court found that "appellant's child support obligation shall be set off by those Social Security payments received on [the child's] behalf. Since the amount of Social Security payments [the child] received exceeds what appellant owed, the trial court shall enter judgment reflecting that no child support is owed from the time [the child] first received the Social Security benefits." Id. at 444-45. Implicit in this application of the law is the notion that the monthly child support obligation is set off from the amount of the monthly Social Security payment. See, also, Pridev. Nolan (1987), 31 Ohio App.3d 261. Thus, we find that the trial court did not err in denying appellant's request to credit the excess amount of the Social Security payments his children received against his future child support obligation.
Judgment affirmed.
WALSH, P.J., and VALEN, J., concur.
[1] 1. Pursuant to Loc.R. 6(A), we have sua sponte removed this case from the accelerated calendar.