OPINION JUDGMENT ENTRY
{¶ 1} Plaintiff Carrie Lynch appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, which modified her child-support obligation. Appellee is Leroy Lynch, who is the residential parent of the parties' two minor children. Appellant assigns two errors to the trial court:
 {¶ 2} "I. The trial court committed error in modifying the disabled parent's child support obligation without permitting the social security payments received on behalf of the minor children to directly offset the awarded support obligation.
 {¶ 3} "II. The trial court abused its discretion in awarding child support in the amount of $40.00 a month."
 {¶ 4} The record indicates the parties were divorced in 2001. Their separation agreement was incorporated into the final decree of divorce, and provided the only child support for which appellant was responsible was the Social Security the children receive on appellant's benefits. Pursuant to the separation agreement, appellant was to report any future employment to the Stark County Child Support Enforcement Agency. In the separation agreement, appellee agreed to pay spousal support to appellant.
 {¶ 5} On August 19, 2003, the Child Support Enforcement Agency filed a motion for child support orders, wage withholding, and costs, alleging appellant was employed but had failed to report her income as required. At the hearing on October 14, 2003, appellant reported to the magistrate she had lost her job because of her health problems. Appellant alleged her doctor had informed her she could only work part-time because of a heart condition, and her former employer terminated her because it was unable to accommodate her special needs. The magistrate declined to impute income to appellant, and computed her child-support obligation at $7.91 per month. The magistrate found this was too small an amount, and waived the support obligation.
 {¶ 6} Appellee filed objections to the magistrate's report, and the trial court re-computed appellant's income, adding imputed income to her Social Security and spousal support income. The trial court set child support at $40.00 per month per child, and appellant appealed.
 {¶ 7} At the outset, we note appellant has not complied with Loc. App. R. 9, which provides a handwritten judgment entry is inappropriate and shall not be considered by this court except for uniform traffic citations. However, we prefer to address this appeal on its merits.
 I {¶ 8} In her first assignment of error, appellant argues the trial court failed to set off her modified child-support obligation by the Social Security payment the children received from her Social Security benefits. In Williams v. Williams
(2000), 88 Ohio St. 3d 441, the Supreme Court held a disabled parent is entitled to full credit in his or her child support obligation for Social Security payments received by the minor child.
 {¶ 9} Intervenor/appellee Stark County Department of Job and Family Services argues the Williams case is distinguishable from the case at bar, because in Williams, the disabled parent had no other source of income from which to satisfy a child-support obligation.
 {¶ 10} We have reviewed the record, and we find the child support computation worksheet shows Social Security derivative benefits received by the children were subtracted from appellant's annual obligation.
 {¶ 11} The first assignment of error is overruled. {¶ 12} In her second assignment of error, appellant urges the trial court erred in ordering her to pay $40.00 per month per child.
 {¶ 13} The Supreme Court has repeatedly applied the abuse of discretion standard to reviews of judgments entered into domestic relations cases, Booth v. Booth (1989), 44 Ohio St. 3d 142. TheBooth case made the abuse of discretion standard specifically applicable to child support orders. The Supreme Court has frequently held the term abuse of discretion implies the court's attitude is unreasonable, arbitrary or unconscionable, see, e.g.,Blakemore v. Blakemore (1983), 5 Ohio St. 3d 217.
 {¶ 14} R.C. 3119.06 requires a trial court to set a minimum child support order of $50.00 per month, although it gives the court discretion in appropriate circumstances to issue a lower support order, or to waive support all together.
 {¶ 15} Based upon the record before us, this court cannot find the trial court's attitude was unreasonable, arbitrary, or unconscionable.
 {¶ 16} The second assignment of error is overruled.
 {¶ 17} For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, is affirmed.
Gwin, P.J., Wise, J., and Boggins, J., concur
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, is affirmed. Costs to appellant.