FRUCHTNICHT, Appellee,

v.

FRUCHTNICHT, Appellant.

[Cite as *Fruchtnicht v. Fruchtnicht* (1997), 122 Ohio App.3d 492.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA96–12–264.

Decided Sept. 2, 1997.

**494**

*Richard Paul Michaelson,* for appellee.

*Robert F. Wessel,* for appellant.

POWELL, Judge.

Defendant-appellant, Edwin Fruchtnicht, appeals from a decision of the Butler County Court of Common Pleas, Domestic Relations Division, modifying his child support obligation.

Appellant and plaintiff-appellee, Sandra Fruchtnicht, were married on June 29, 1975 and had two children, Sarah, born March 21, 1978, and Erin, born September 30, 1982. On February 25, 1985, appellee filed a complaint for divorce. Pursuant to a final divorce decree that was entered on March 14, 1986, appellant was ordered to pay $650 per month in child support. On April 12, 1991, appellant's child support obligation was increased to $750 per month.

After appellant suffered a heart attack in January 1992, he was granted a disability retirement by his employer and applied for Social Security disability benefits. While appellant's application for Social Security was pending, he received disability benefits from his employer. Based upon his pension and employer-provided benefits, appellant's child support obligation was reduced to $640 per month, effective May 1, 1994.

In May 1996, appellant's application for Social Security disability benefits was finally approved. Appellant was awarded a lump sum of $46,000 for back benefits that had accrued from January 1993 to April 1996. In addition, appellant will continue to receive monthly benefits from Social Security in the amount of $1,312.

As a result of appellant's Social Security claim, his children also received benefits. Since Sarah became emancipated in May 1996, she was not awarded prospective benefits. However, Sarah was awarded back benefits that had accrued from January 1993 to April 1996 in the amount of $12,496. Since she was emancipated, Sarah received her benefits directly from Social Security. Erin was awarded prospective Social Security benefits as well as back benefits. Until Erin becomes emancipated, appellee will receive monthly benefits from Social Security on Erin's behalf in the amount of $656. Additionally, Erin was awarded back benefits that had accrued from January 1993 through June 1996 in the amount of $13,480. In August 1996, appellee received a check on Erin's behalf in the amount of $10,000. After appellant's attorney fee petition is approved, appellee will receive Erin's remaining benefits.

On July 1, 1996, appellant filed a motion to modify his child support obligation due to Sarah's emancipation and the Social Security benefits that were awarded to his children. Appellant also filed a motion for reimbursement. Appellant had always remained current in his child support obligation, even while his Social Security application was pending. Since Erin and Sarah received back benefits from Social Security for periods of time in which he paid support, appellant asserted that he was entitled to reimbursement for a child support overpayment. On September 23, 1996, a magistrate issued the following decision:

"Appellant's motion is granted, in part, as follows. The current child support order for Erin shall be decreased to $175 per month effective July 1, 1996, when the motion was filed. As of July 1, 1996, appellant's support obligation for Erin was overpaid by $13,480. Therefore, the current support order shall be offset against the overpayment with no actual support being paid by appellant. Upon receipt of the attorney fee portion of Erin's lump sum payment ($3124), appellee shall pay the full amount to appellant and the overpayment shall be reduced as a result. If there is any overpayment remaining after application of the attorney fee amount and after Erin's emancipation, appellee shall pay appellant at the rate of $175 per month until the overpayment is satisfied. So much of appellant's motion as seeks reimbursement for Social Security benefits paid directly to Sarah is denied."

On December 30, 1996, the trial court overruled appellant's objections and affirmed the decision of the magistrate.

On appeal, appellant raises the following assignment of error:

"The trial court erred in finding that defendant–appellant was not entitled to immediate reimbursement from the Social Security award received by plaintiff–appellee for child support for the parties' daughter, Erin, when he had fully paid child support to her for the identical period."

In his assignment of error, appellant asserts that since Erin will receive monthly Social Security benefits that exceed the amount of support mandated by the child support guidelines, the trial court erred by ordering him to pay additional support of $175 per month. Appellant argues that the trial court abused its discretion in ordering the additional support because the trial court's decision does not contain factual findings that the amount of support provided by Erin's Social Security benefits would be unjust or inappropriate and not in her best interest. Thus, appellant argues that his support obligation should have been terminated and that he is entitled to immediate reimbursement for the overpayment of support received by appellee on behalf of Erin.[1]

A trial court's modification of a child support order will not be reversed absent an abuse of discretion. *Previte v. Previte* (1994), 99 Ohio App.3d 347, 350, 650 N.E.2d 919, 922; *Cole v. Cole* (1990), 70 Ohio App.3d 188, 191, 590 N.E.2d 862, 864. R.C. 3113.215(B)(1) requires a trial court to calculate the amount of an obligor's child support obligation in accordance with the child support guidelines set forth in R.C. 3113.215. R.C. 3113.215(B)(1) provides that the amount calculated using the guidelines is rebuttably presumed to be the correct amount of child support. A trial court cannot deviate from the child support guidelines unless (1) the court makes a factual determination, after considering the statutory criteria in R.C. 3113.215(B)(3), that the amount calculated according to the guidelines would be unjust or inappropriate and not in the best interest of the child; and (2) the court makes an actual entry in the journal of factual findings that support the determination. R.C. 3113.215(B)(1); *Marker v. Grimm* (1992), 65 Ohio St.3d 139, 601 N.E.2d 496.

One of the statutory criteria to be considered by a trial court in determining whether to deviate from the amount calculated according to the child support guidelines is the financial resources and earning ability of the child. R.C. 3113.215(B)(3)(f). The financial resources and earning ability of a child include Social Security benefits received by a child due to the disability of a parent. *McNeal v. Cofield* (1992), 78 Ohio App.3d 35, 603 N.E.2d 436; *Dunn v. Taylor* (Jan. 16, 1996), Butler App. No. CA95–04–062, unreported, 1996 WL 12876. The entire amount of the monthly Social Security benefits received by a child as a result of an obligor's disability should not be credited solely against that obligor's child support obligation. *Id.;* contra *Pride v. Nolan* (1987), 31 Ohio App.3d 261, 31 OBR 546, 511 N.E.2d 408; *Edmonds v. Edmonds* (Sept. 19, 1994), Athens

---

**1.** Since Sarah was already emancipated by the time appellant's application was approved, she received her benefits directly from Social Security. The trial court found that appellant was not entitled to reimbursement for these benefits, because Sarah was not a party to the action and it would be inequitable to hold appellee responsible for repayment. Appellant does not assign error to this portion of the decision.

App. No. 93CA1604, unreported, 1994 WL 514890. Instead, "the proper method is to deduct all or part of the Social Security benefits received on behalf of the child from the guideline-determined necessary child support predicated upon the best interests of the child and equity to both parents." *Id.* The remaining child support need, if any, is then allocated between the parents by the percentages reached in the guideline determination. *Id.*

In the present case, the trial court found that appellant's current income, based on his Social Security and pension benefits, was $32,835. The trial court further found that appellee earns $18,750 per year. Thus, based upon their combined incomes, the trial court determined that the guideline-determined necessary child support for Erin was $7,291 per year or $607 per month. Appellee will receive $7,872 per year or $656 per month in Social Security benefits on Erin's behalf. Thus, the amount of the Social Security benefits that will be received on Erin's behalf will exceed the guideline-determined support by nearly $50 per month. The trial court acknowledged that appellant would be relieved of his support obligation according to the method that we adopted in *Dunn.* Nevertheless, the trial court ordered appellant to pay an additional $175 per month in child support. The trial court reasoned:

"If anyone is to receive a windfall in the circumstances herein presented, it should be Erin. The elimination of Mr. Fruchtnicht's support obligation cannot be in the child's best interests, particularly since Mr. Fruchtnicht has financial resources of his own, apart from Social Security benefits, from which support can be paid. These resources call for a deviation upward from the amount of support (zero) which would otherwise be payable. * * * Mr. Fruchtnicht's out-of-pocket contribution to Erin's support will be in the guidelines amount of someone earning just $12,000 per year (when Ms. Fruchtnicht's income is taken into account). Since Mr. Fruchtnicht's actual income is almost three times this amount, it surely can be said that this decision furthers not only the financial interests of Erin, but those of Mr. Fruchtnicht as well."

Since Erin's Social Security benefits exceed the guideline-determined necessary support, the trial court, in effect, ordered an upward deviation from the child support guidelines. Accordingly, the deviation was not warranted unless the trial court made factual findings which supported a determination that the amount of support provided by the Social Security benefits was unjust or inappropriate and not in Erin's best interest. See R.C. 3113.215(B)(1); *Marker v. Grimm* (1992), 65 Ohio St.3d at 141, 601 N.E.2d at 497–498. Since the trial court failed to make adequate factual findings to support such a determination, we find that the trial court's modification was an abuse of discretion.

■ Pursuant to the deviation ordered by the trial court, Erin would receive $831 per month in child support ($656 per month Social Security plus $175 per month child support). In support of the deviation, the trial court stated that "elimination of Mr. Fruchtnicht's support obligation cannot be in the child's best interests." However, this is a conclusory statement and does not constitute a factual finding. Therefore, it does not support a determination that the amount of support provided by Erin's Social Security benefits was not in her best interest.

The trial court also stated that a deviation was warranted because of appellant's financial resources. A parent's financial resources are a factor to consider in determining whether to order a deviation. R.C. 3113.215(B)(3)(k). However, appellant's income and financial resources have not increased since his support order was last modified in May 1994 so as to render the amount of Erin's Social Security benefits unjust or inappropriate and not in her best interest. Further, since Erin's Social Security benefits exceed the guideline-determined necessary support, the amount of support that Erin receives from Social Security will accurately reflect the standard of living that she would have enjoyed had her parents not been divorced. Finally, as a result of her Social Security benefits, Erin will already receive a substantial increase in support, and the record contains no indication that she needs the additional support that was ordered by the trial court. In light of these circumstances, the mere fact that appellant has the financial resources to pay support is not an adequate factual finding to support a determination that Erin's Social Security benefits will provide an amount of support that is unjust or inappropriate and not in her best interest.

■ Although the trial court may have been reluctant to reimburse appellant for the child support overpayment of $13,480, a review of the record reveals that appellant will not receive a windfall if he is reimbursed for the overpayment. From January 1993 to June 1996, appellant fully complied with the trial court's order and paid child support of approximately $28,000. As discussed above, appellant's income during this period consisted, in part, of employer-provided disability benefits that must be paid back to his employer. Further, appellant is entitled to some credit for the Social Security benefits that Erin receives, since the benefits were, in effect, earned by appellant in that the benefits result from contributions that he made during his working life. See *Carpenter v. Reis* (1996), 109 Ohio App.3d 499, 672 N.E.2d 702. Finally, we have recognized that Social Security disability benefits paid to a child can be credited toward a child support arrearage that accrued while the obligor's Social Security application was pending. *Ledford v. Ledford* (Dec. 2, 1996), Butler App. No. CA95–12–215, unreported, 1996 WL 688755. Appellant should not be denied credit for the benefits because he complied with the trial court's support order.

Based upon the foregoing, we conclude that the trial court failed to make adequate factual findings to support a determination that the amount of support Erin will receive in Social Security benefits was unjust or inappropriate and not in her best interest. Accordingly, the trial court erred by ordering appellant to pay additional support of $175 per month. Appellant's assignment of error is sustained, and this cause is remanded to the trial court with instructions to reimburse appellant for the child support overpayment.

*Judgment reversed*
*and cause remanded.*

WILLIAM W. YOUNG, P.J., and WALSH, J., concur.