Defendant-appellant, Charles Williams, appeals the trial court's recalculation of his child support obligation based upon social security payments distributed for the benefit of his minor child. Plaintiff-appellee is appellant's former wife, Patricia Lundy. We affirm the decision of the trial court. Appellant is a forty-one-year-old man who was determined by the Social Security Administration to be disabled on or about October 15, 1995.[1] Appellant has a fourteen-year-old daughter, Jessica, from his previous marriage to appellee and a child from his current marriage. Appellant's only income is the $670 he receives per month in social security benefits. Therefore, his annual gross income is $8,040. In addition, due to the fact that appellant has a minor child, appellee, as Jessica's residential parent, receives $167 per month in social security payments on behalf of Jessica. Appellee's annual gross income is $21,650.
In a June 30, 1997 order of the trial court, appellant was ordered to pay $112.17 per month in child support. On December 4, 1997, appellee filed a motion for determination of arrearages of current support, and application of lump sum payments based on the disposition of appellant's case with the Social Security Administration. In a January 5, 1998 motion, appellant moved to, inter alia, terminate child support based on the $167 per month appellee was receiving from the Social Security Administration on behalf of Jessica. The magistrate recalculated appellant's child support obligation and concluded that he still owed $50.08 per month. Appellant filed objections to the magistrate's decision. The trial court overruled the objections and adopted the magistrate's decision. From this ruling, appellant filed a timely notice of appeal and presents one assignment of error for our review:
 THE COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY OVERRULING HIS OBJECTION AND ORDERING CHILD SUPPORT IN ADDITION TO SOCIAL SECURITY DEPENDENT BENEFITS BE PAID BY CHARLES MICHAEL WILLIAMS, APPELLANT.
In arriving at the decision appealed from, the magistrate followed the standard child support guidelines. See R.C.3113.215. The combined child support obligation of the parties was calculated at $4,934 per year. Based on appellant's adjusted gross income in comparison to appellee, appellant's share of this overall obligation was calculated at 20.5 percent or $1,011 per year. Due to the fact appellee receives $2,004 from the Social Security Administration on behalf of Jessica, appellant's obligation was reduced by $410 or 20.5 percent of $1,011. Thus, appellant's child support obligation is $601 per year or $50.08 per month.
Appellant's position is that the entire $2,004 appellee receives annually from the Social Security Administration on behalf of Jessica should offset his child support obligation. We disagree. In Fruchtnicht v. Fruchtnicht (1997), 122 Ohio App.3d 492,496-97, this court concluded as follows:
 The entire amount of the monthly social security benefits received by a child should not be credited solely against that obligor's child support. Instead, "the proper method is to deduct all or part of the Social Security benefits received on behalf of the child from the guideline-determined necessary child support predicated upon the best interests of the child and equity to both parents." The remaining child support need, if any, is then allocated between the parents by the percentages reached in the guideline determination.
Id. at 6. (citations omitted). We recently reaffirmed this holding in In re Auna Ehritz (June 8, 1998), Butler App. No. CA97-10-193, unreported.
Appellant argues that these precedents are distinguishable because appellant's only income is disability benefits from the Social Security Administration. We are not persuaded by appellant's argument. Instead, we adhere to the belief that "it is unreasonable to permit one parent to receive a windfall and be totally relieved of the child support obligation which would otherwise be allocated to that parent by the Child Support Guidelines solely because of the Social Security benefit payments to or for the benefit of the minor child." McNeal v.Cofield (1992), 78 Ohio App.3d 35, 41. Therefore, we reaffirm our prior holdings that social security payments for the benefit of a child reduce the overall guideline-determined child support. Appellant's monthly child support payment was properly reduced by his percentage of the net overall child support obligation of the parties. Accordingly, the assignment of error is overruled.
Judgment affirmed.
KOEHLER and YOUNG, JJ., concur.
[1] This date is given in the magistrate's order. It appears that the amount of appellant's benefits was not settled until recently.