DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Plaintiff-Appellant Steven Filon has appealed the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, which denied his motion for reimbursement of child support. This Court affirms.
 I {¶ 2} Appellant and Defendant-Appellee Eliza Green were divorced on July 22, 2002. They have one child, T.F., born January 26, 1998. Pursuant to their divorce decree, Appellant's monthly child support obligation was $335.70. On October 28, 2004, Appellant moved to modify his support, asserting that the parties' minor child was entitled to Social Security benefits because of Appellant's disability. Appellant asserted that because the child's benefits exceeded his monthly support obligation, he should not be required to pay support in the future. On January 3, 2005, the parties agreed to modify Appellant's support, effective October 28, 2004, creating an obligation of $276.50. In addition, the parties agreed that Appellant's future obligation was fully set off by the Social Security benefits and that he would owe no support in the future.
 {¶ 3} On April 15, 2005, Appellant filed a motion for reimbursement of overpaid child support. Appellant asserted that the parties' child received a lump sum payment from Social Security once the benefits were approved. Appellant asserted that the lump sum payment reflected that the parties' child was entitled to benefits as of April 2003. Appellant reasoned that because those monthly benefits exceed his support obligation for that period of time, his monthly payments should be returned. The magistrate agreed and ordered Appellee to repay Appellant $6,324.59. Both parties filed objections to the magistrate's decision. The trial court sustained Appellee's objections, finding that Appellant was not entitled to reimbursement. Appellant has timely appealed the trial court's judgment, raising one assignment of error for review.
 II Assignment of Error
"THE TRIAL COURT ERRED IN DENYING [APPELLANT] CREDIT FOR HIS OVERPAYMENT OF CHILD SUPPORT PRIOR TO OCTOBER 28, 2004."
 {¶ 4} In his sole assignment of error, Appellant has argued that the trial court erred in denying his motion for reimbursement. Specifically, Appellant has alleged that the trial court erred when it failed to fully credit the child's receipt of social security benefits. We disagree.
 {¶ 5} A trial court has broad discretion in matters of domestic relations. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 218. Accordingly, this Court reviews a trial court's denial of a motion for reimbursement of overpaid child support under an abuse of discretion standard. Earl v. Earl, 9th Dist. No. 04CA008432, 2004-Ohio-5684, at ¶ 5. The phrase "abuse of discretion" connotes more than an error of judgment; rather, it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable. Blakemore,5 Ohio St.3d at 219. When applying the abuse of discretion standard, this court may not substitute its judgment for that of the trial court.Pons v. Ohio State Med. Bd., (1993), 66 Ohio St.3d 619, 621.
 {¶ 6} In Williams v. Williams (2000), 88 Ohio St.3d 441, the Ohio Supreme Court discussed the impact of a child's receipt of social security benefits on an obligor's support obligation.
"[W]e hold that a disabled parent is entitled to a full credit in his or her child support obligation for Social Security payments received by a minor child." Id. at 444.
In so holding, the Court resolved a conflict among the districts regarding whether an obligor should receive the full credit for benefits or whether it should be apportioned among both parents. Id. at 443-44. While the parties' acknowledge the importance of Williams to the instant case, they disagree over its applicability.
 {¶ 7} Appellee has asserted that granting Appellant's motion would be tantamount to retroactively modifying his child support obligation, an act which is generally impermissible in the trial court. This argument was squarely rejected by the Williams
Court:
"A credit for * * * Social Security benefits does not retroactively modify the disabled parent's monthly child support obligation; it merely changes the source of the payments." Id., quoting In re Marriage of Cowan (1996), 279 Mont. 491, 500. See, also, Terrell v. Terrell (June 24, 1992), 9th Dist. No. 15363, at *2.
Accordingly, Appellee's reliance upon case law regarding the trial court's inability to retroactively modify child support is inapplicable to the case at hand.
 {¶ 8} Appellant, in contrast, asserts that the language ofWilliams compels the granting of his motion. Specifically, Appellant relies upon the use of the term "full credit" inWilliams. We agree that Williams is instructive on the issue herein, but not determinative. In Williams, the Court concluded as follows:
"Since the amount of Social Security payments [the child] received exceeds what appellant owed, the trial court shall enter judgment reflecting that no child support is owed from the timeshe first received the Social Security benefits.
"We reverse the judgment of the court of appeals and remand the cause to the trial court to apply the credit for Social Security payments made to the child and to terminate appellant's past child support obligation." (Emphasis added.) Williams,88 Ohio St. 3d at 444-45.
The Williams Court, however, did not discuss the reimbursement issue raised by Appellant in the instant appeal.
 {¶ 9} This Court has previously found that the receipt of Social Security benefits may be set off against a child support arrearage that had accrued after receipt of the benefits.Terrell, supra, at *2. Appellant has asserted, therefore, that denying his motion for reimbursement places him in a less desirable position because he has kept current on his support obligation, i.e., Appellant has argued that if he had not paid support, Terrell would permit him to offset the Social Security benefits for the amount of his arrearages that accrued after the date benefits were awarded, April of 2003. Id. ("Since the children began receiving Social Security benefits in June 1983, those payments should be credited to arrearages accumulated since June 1983."). We agree that Appellant should not be placed in a less desirable position than an obligor who has not stayed current in his obligation. See Fruchtnicht v. Fruchnicht
(1997), 122 Ohio App.3d 492, 498-99, overruled on other grounds by Williams, supra. In Fruchtnicht, the Twelfth District applied the same reasoning, finding that the obligor "should not be denied credit for the benefits because he complied with the trial court's support order." Id. at 498. However, we are mindful that Terrell did not discuss the issue of a retroactive lump-sum payment.
 {¶ 10} In Terrell, this Court held that "Social Security payments should be credited on arrearages accumulated after thechildren begin receiving the Social Security benefits." (Emphasis added.) Terrell, supra, at *2. Like Williams, this Court permitted set-off as of the date that the children began receiving benefits. Herein, the child did not receive benefits until October of 2004. While those benefits represented prior months, the fact remains that they were not received until October of 2004. Accordingly, permitting setoff from that day forward is consistent with Terrell and Williams and does not place Appellant in a less desirable position than an obligor who has failed to pay his obligation.
 {¶ 11} We note that several jurisdictions have refused to apply a lump-sum payment to past arrearages. See Brown v. Brown
(2006), 849 N.E.2d 610. In Brown, the Indiana Supreme Court held that the receipt of a lump-sum payment of Social Security benefits could not be used to offset arrearages. In doing so the Court noted as follows:
"`The rule is premised on the importance of meeting the current needs of children, thereby protecting their right to regular and uninterrupted support. Enforcement of the rule eliminates the disincentive which obligors would otherwise have to suspend their support payments pending application for disability benefits.'"Newman v. Newman (Iowa 1990), 451 N.W.2d 843, 844, citingPotts v. Potts (Iowa 1976), 240 N.W.2d 680, 682; McClaskey v.McClaskey (Mo. 1976), 543 S.W.2d 832, 835; Children YouthServs. v. Chorgo (1985), 341 Pa.Super. 512, (dicta)." Id. at 614-15.
While we are not presented with the question of whether a lump-sum payment should be credited against arrears, similar policy concerns are presented with the instant facts.
 {¶ 12} In cases which have dealt with the precise issue at hand, reimbursement of overpaid child support to an obligor who has not accrued arrears, courts have generally relied upon equity to reach the proper result. In Fruchtnicht, the court noted that the obligor had received "employer-provided disability benefits that must be paid back to his employer." Fruchtnicht,122 Ohio App.3d at 498. In Van Meter v. Smith (Kent. 2000),14 S.W.3d 569, a Kentucky appellate court was asked to determine whether the receipt of a social security lump-sum payment required reimbursement.
"[The recipient] says no because child support is owed not just in a particular amount, but also with a particular regularity. [The obligor] owed [the child] regular support during his social security application period. To his credit he provided that support, but, in a very real sense, the social security back payment now cannot replace or substitute for the amounts due then. The back payment is simply extra now, and `extra' support payments are commonly deemed to be gifts. Newman v. Newman
(Iowa 1990), 451 N.W.2d 843; Children and Youth Services ofAllegheny County v. Chorgo (1985), 341 Pa.Super. 512.
"In different circumstances, especially if an arrearage unrelated to Smith's disability were involved, this reasoning might be compelling, but it omits a key consideration in this case. As discussed above, Smith's income during the social security application period consisted in significant part of pension/disability benefits provided by his employer. Those benefits must be repaid. They are similar in that regard to public assistance benefits sometimes provided while social security applications are pending.
Such benefits, however, are routinely recouped from social security awards before they are paid to recipients, including recipients of dependency awards. Baez v. Bane (1996),89 N.Y.2d 1." Id. at 573.
Both Van Meter and Fruchnicht then ordered reimbursement based upon the specific facts surrounding the obligor. Under the facts herein, equity does not favor the return of Appellant's overpaid support.
 {¶ 13} It is undisputed that Appellant never informed Appellee of his pending application for benefits. Rather, each time Appellee inquired about the progress or filing of an application, Appellant asserted that it was none of her concern and that she "was not getting any more money and that was that." Had Appellant informed Appellee of the pending nature of the benefits, Appellee would have been able to properly allocate resources to prepare to repay Appellant his overpaid support. Appellant, however, chose to not inform Appellee of his financial situation, despite the fact that his application could directly impact the financial situation of the parties' daughter. Unprepared for Appellant's request for reimbursement, and consistent with her obligations under Social Security, Appellee used the lump-sum payment to invest in a college fund for the parties' daughter and invested the remaining portion for the daughter's benefit.
 {¶ 14} Appellant has urged that Appellee need not have time to prepare for repayment because he could be repaid directly from the lump-sum award. We disagree. With respect to Social Security disability benefits, 42 U.S.C. 407(a) provides in pertinent part as follows:
"[N]one of the moneys paid * * * under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law."
Accordingly, federal law serves to prohibit Appellee from using the lump-sum payment to the parties' child to satisfy Appellant's request for reimbursement. "In light of this, if this Court were to require some sort of reimbursement, it would have to do so out of a fund other than the payments actually made by the Social Security Administration." Steel v. Hartwick (2001),209 W.Va. 706, 709. It appears from the record, therefore, that due to Appellant's actions, a ruling ordering repayment by Appellee would only serve to interrupt the current support that the parties' daughter is receiving. See Brown,849 N.E.2d at 614-15. Given Appellant's actions or lack thereof, we are not inclined to induce such an interruption in support.
 {¶ 15} Despite Appellant's assertions to the contrary, our ruling does not serve as an incentive to accrue arrears in the hope that a future payment may alleviate the obligor from paying his obligation. As noted above, equity does not favor a party who has willfully accrued arrears. In contrast, our ruling serves the important public policy of encouraging parties who have children together to openly communicate about matters which directly affect the children's well-being. While the issue is not presently before this Court, an obligor who timely communicates the status of his pending application for benefits undoubtedly places himself in a much stronger position to urge that reimbursement is equitable. Appellant chose not to cooperate with Appellee, despite the important ramifications of his actions on his own child. Accordingly, we cannot say that the trial court abused its discretion in finding that it was inequitable for Appellee to repay Appellant.
 {¶ 16} Appellant's sole assignment of error lacks merit.
 III {¶ 17} Appellant's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Carr, J., Moore, J., concur.