[Cite as *Porter v. Porter*, 2015-Ohio-3527.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PAULDING COUNTY

RANDALL S. PORTER,

    PLAINTIFF-APPELLEE,                  CASE NO.  11-15-02

    v.

PATRICIA S. PORTER,                   O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Paulding County Common Pleas Court
Domestic Relations Division
Trial Court No. DIV-07-224

Judgment Affirmed in Part, Reversed in Part and Cause Remanded

Date of Decision:  August 31, 2015

APPEARANCES:

    *Timothy C. Holtsberry*  for Appellant

    *Troy A. Essex*  for Appellee

**SHAW, J.**

{¶1} Defendant-appellant, Patricia S. Porter ("Patricia"), appeals the February 6, 2015 judgment of the Paulding County Court of Common Pleas, Domestic Relations Division, granting the "Motion for Reimbursement and/or for Judgment on Overpayment of Child Support" filed by plaintiff-appellee, Randall S. Porter ("Randall"). The trial court found that Randall was entitled to reimbursement from Patricia in the amount of $18,982.00 for his overpayment of child support.

{¶2} The parties were divorced in 2010. Randall was named residential parent of the parties' three minor children.

{¶3} In September 2011, Patricia became the children's residential parent pursuant to an ex-parte order. Randall was ordered to pay $1,003.75 per month in child support, plus processing fees.

{¶4} At a hearing in July 2012, Randall informed the trial court that he was receiving disability benefits from his employer and that he was awaiting approval for Social Security Disability benefits.

{¶5} In its August 31, 2012 Judgment Entry, the trial court modified Randall's child support and ordered him to pay $1,034.11 per month, plus processing fees.

{¶6} On December 12, 2013, the trial court issued a judgment entry again modifying Randall's child support due to the fact that the parties' oldest child was emancipated in October of 2013. The trial court reduced Randall's child support to $669.40 a month, plus processing fees, for the parties' two minor children remaining in Patricia's custody.

{¶7} On December 30, 2013, the Paulding County Child Support Enforcement Agency ("CSEA") filed a "Motion for Modification and Notice of Hearing" on behalf of Randall and requested the trial court modify Randall's child support obligation. The record indicates that around this time Randall had been approved for Social Security Disability benefits.

{¶8} In February 2014, Patricia received a lump sum payment from the Social Security Administration in the amount of $18,982.00, or $9,491.00 for each minor child.[1] The funds represented the children's Social Security dependency benefits received as the result of Randall being deemed disabled from December 2011 to January 2014. The lump sum equaled the amount of Social Security dependency benefits for the children that had accrued during the time Randall's application was pending approval. Patricia also received notice from the Social Security Administration that the children would continue to receive monthly dependency benefits as a consequence of Randall's disability.

---

[1] The parties' oldest child directly received the payment due to her emancipation and she was not made a party to the case. Thus, the reimbursement issue only pertained to the two minor children in Patricia's custody.

{¶9} Randall subsequently filed a "Memorandum Regarding Child Support Review" to accompany the motion filed by CSEA. In his motion, Randall raised the issue of reimbursement of the funds he paid to Patricia in child support from December 2011 to January 2014—the same time frame covered by the lump sum payment in dependency benefits that Patricia received from the Social Security Administration. Randall requested CSEA to conduct a review of the amount of child support he paid during this time period and to determine the amount he overpaid in child support. He also requested that his current child support obligation to be reduced to zero in light of Patricia receiving ongoing monthly Social Security dependency benefits for the children, the amount of which exceeded his current court-ordered child support obligation. Patricia opposed this memorandum.

{¶10} The trial court held a hearing on September 30, 2014, and ordered the parties to brief the reimbursement issue. The trial court further informed the parties that it would take the matter under advisement.

{¶11} On October 10, 2014, the trial court ruled on CSEA's motion to modify Randall's child support. The trial court ordered that effective December 30, 2013, Randall's child support would be reduced to $497.34 per month. The trial court further found that commencing on February 1, 2014, Randall's child

support would be reduced to zero due to the ongoing monthly Social Security dependency benefits sent to Patricia on the minor children's behalves.

{¶12} On October 30, 2014, Randall filed a "Motion for Reimbursement and/or for Judgment on Overpayment of Child Support." In this motion, Randall argued that he was entitled to reimbursement of overpaid child support in the amount of $18,982.00, which equaled the lump sum payment Patricia received from the Social Security Administration. Randall cited this Court's prior decision, *Hamilton v. Reynolds*, in support of his position. *See* 3d Dist. Hancock No. 5-13-11, 2013-Ohio-5660, appeal not allowed, 138 Ohio St.3d 1495, 2014-Ohio-2021. Patricia again opposed Randall's motion.

{¶13} The parties also submitted a stipulation regarding the amount of child support paid by Randall during the relevant time period, which stated as follows:

> **1.    The child support obligation, including prior arrearages, of Plaintiff, Randall S. Porter, for the time period from December 1, 2011 through January 31, 2014 was $28,367.55 of which amount the sum of $27,811.31 was owed to Defendant, Patricia S. Porter.**
>
> **2.    Plaintiff, Randall S. Porter, made child support payments through the Paulding County Child Support Enforcement Agency for the time period from December 1, 2011 through January 31, 2014 in the amount of $27,858.16, of which the sum of $27,311.90 was distributed to Defendant, Patricia S. Porter.**
>
> **3.    On or about February 10, 2014, Defendant, Patricia S. Porter, received a lump sum check in the amount of $9,491.00 from Social Security for the benefit of the parties' minor child, [M.P.], which represented a lump sum payment of retroactive**

**benefits from December 1, 2011 through January 31, 2014 as a result of the disability of Plaintiff, Randall S. Porter.**

4. **On or about February 10, 2014, Defendant, Patricia S. Porter, received a lump sum check in the amount of $9,491.00 from Social Security for the benefit of the parties' minor child, [H.P.], which represented a lump sum payment of retroactive benefits from December 1, 2011 through January 31, 2014 as a result of the disability of Plaintiff, Randall S. Porter.**

(Doc. No. 154).

{¶14} On February 6, 2015, the trial court relying on our prior decision in *Hamilton* found that Randall was entitled to reimbursement from Patricia in the amount of $18,982.00 for overpaid child support.

{¶15} Patricia filed this appeal, asserting the following assignments of error.

### ASSIGNMENT OF ERROR NO. I

**THE TRIAL COURT ERRED FINDING A BASIS IN LAW THAT REIMBURSEMENT OF CHILD SUPPORT IS REQUIRED BASED UPON THE [OHIO] SUPREME COURT CASE IN WILLIAMS V. WILLIAMS.**

### ASSIGNMENT OF ERROR NO. II

**THE TRIAL COURT ABUSED ITS DISCRETION BY NOT HOLDING AN EVIDENTIARY HEARING REGARDING THE EQUITIES OF THE CHILD SUPPORT REVISION CASE.**

### ASSIGNMENT OF ERROR NO. III

**THE TRIAL COURT'S FINDING THAT REIMBURSEMENT WAS REQUIRED BASED UPON THE EQUITABLE**

**SITUATION OF THE PARTIES WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.**

**ASSIGNMENT OF ERROR NO. IV**

**THE TRIAL COURT ERRED IN CALCULATING ANY REIMBURSEMENT THAT MAY BE DUE.**

*First Assignment of Error*

**{¶16}** In her first assignment of error, Patricia argues that the trial court erred in finding that Randall was entitled to reimbursement of the child support he paid from December 2011 to January 2014, the same time period covered by the lump sum payment of Social Security dependency benefits that she received in February 2014 on the behalf of the two minor children in her custody. In support of her position, Patricia voices her disagreement with the holding of our prior case, *Hamilton v. Reynolds*, and essentially advances the same arguments as the appellant in that case.[2] *See Hamilton*, 2013-Ohio-5660.

**{¶17}** In *Hamilton*, we addressed the precise issue raised by Patricia in this appeal. We examined the earnings nature of Social Security Disability benefits as expressed by the Supreme Court of Ohio in *Williams v. Williams.* 88 Ohio St. 3d 441, 2000-Ohio-375. We determined that the child support obligor is entitled to reimbursement for child support paid to the obligee when the obligee subsequently receives a lump sum of Social Security dependency benefits representing the same

---

[2] Notably, after our affirmance in *Hamilton* of the trial court's order of reimbursement for overpaid child support, the appellant-obligee appealed our decision to the Supreme Court of Ohio, who subsequently declined jurisdiction to review the case.

months that the obligor paid child support. *Id.* at ¶ 29. Specifically, we concluded that the obligor is entitled to a dollar for dollar credit for the child support paid during that time period. *Id.* Thus, we have already addressed the arguments raised by Patricia in this appeal in the *Hamilton* case and she has failed to give us a compelling reason to revisit our holding in that opinion. Accordingly, we conclude that the trial court did not err in relying on *Hamilton* when it found that Randall was entitled to reimbursement of his child support overpayment. Patricia's first assignment of error is overruled.

### *Second and Third Assignments of Error*

{¶18} In her second and third assignments of error, Patricia claims that the trial court erred in failing to hold an evidentiary hearing on the issue of reimbursement. She also contends that the trial court's order of reimbursement was against the manifest weight of the evidence. As a primary ground for her arguments under these assignments of error, Patricia asserts that the trial court was required to weigh the equities in the case before determining whether Randall was entitled to reimbursement. Patricia also claims that our opinion in *Hamilton* is at odds with the Ninth Appellate District's case *Filon v. Green*, 9th Dist. Summit No. 23087, 2006-Ohio-4868.

{¶19} Patricia's position in this respect is based on a misconstruction of our decision in *Hamilton.* The appellant in *Hamilton* also heavily relied on *Filon* and

we thoroughly discussed our reasons for finding the rationale of the *Filon* opinion not persuasive. We also noted, *in dicta*, that the court in *Filon* weighed the equities presented in that case and determined that equity did not favor reimbursement to the child support obligor based on his conduct towards the obligee during the proceedings. We engaged in a discussion of the equities simply as a basis to further distinguish *Filon* and to highlight that the same facts salient to that court in its determination against reimbursement were not present in *Hamilton.* Nowhere in our opinion in *Hamilton* did we require a trial court to contemplate the equities of the parties' situation as part of its determination of whether reimbursement is appropriate. Thus, Patricia's claim that the trial court's order of reimbursement was against the manifest weight of the evidence on the basis that it did not consider the equities of the case is without merit.

{¶20} Next, Patricia maintains that the trial court erred in failing to hold an evidentiary hearing on the issue of reimbursement. Patricia's argument is based in part on her misconception that the trial court was required to consider the equities of the case—i.e., that the trial court was compelled to hear evidence of the ways she spent the child support overpayment for the benefit of the children. For the reasons already discussed, we decline to further address that issue. However, Patricia also contends that the trial court was required by statute to hold an

evidentiary hearing prior to issuing its order for reimbursement. Patricia directs our attention to R.C. 3119.66, which states:

> **If the obligor or the obligee requests a court hearing on the revised amount of child support calculated by the child support enforcement agency, the court shall schedule and conduct a hearing to determine whether the revised amount of child support is the appropriate amount and whether the amount of child support being paid under the court child support order should be revised.**

{¶21} In making her argument on this point, Patricia fails to submit any authority stating that the statute quoted above applies to a trial court's determination of reimbursement for an overpayment of child support as in this instance. Moreover, the cases cited by Patricia either involve a trial court's review of the appropriateness of an administrative-adjustment recommendation by a child support enforcement agency or discuss the hearing requirements of a different statute not relied upon by Patricia. Nevertheless, there is no indication in the record that Patricia even requested an evidentiary hearing and, furthermore, the trial court informed the parties that it would take the matter of reimbursement under advisement. Therefore, Patricia has failed to demonstrate that she suffered any prejudice from the lack of an evidentiary hearing on this issue. For these reasons, Patricia's second and third assignments of error are overruled.

*Fourth Assignment of Error*

{¶22} In her fourth assignment of error, Patricia claims that the trial court erred in calculating the reimbursement amount due to Randall. The trial court used the stipulated child support figures in its reimbursement calculation. In its judgment entry ordering reimbursement of the overpaid child support, the trial court stated as follows:

> **As the stipulation indicates, Plaintiff Randall Porter's child support obligation from December 1, 2011 through January 31, 2014 was $28,367.55 of which $27,811.31 was owed to the Defendant Patricia Porter.**
>
> **Plaintiff Randall Porter paid $27,858.16 as and for his child support obligation from December 1, 2011 through January 31, 2014, of which $27,311.90 was distributed to Defendant, Patricia Porter.**
>
> **Also distributed to Patricia Porter, on or about February 10, 2014 was $9,491.00 from Social Security for the benefit of [M.P.], representing a lump sum payment of Plaintiff's retroactive Social Security benefits from December 1, 2011 through January 31, 2014 and $9,491.00 from Social Security for the benefit of [H.P.], representing a lump sum payment of Plaintiff's retroactive Social Security benefits from December 1, 2011 through January 31, 2014. Therefore, Defendant Patricia Porter received $46,293.90 for the minor children from December 1, 2011 through January 31, 2014 from child support paid by the obligor and Social Security benefits paid on behalf of the obligor.**

(Doc. No. 156 at 2). The trial court then determined that Randall was entitled to reimbursement of $18,982.00, which equaled the amount of the lump sum payment that Patricia received from Social Security.

{¶23} On appeal, Patricia maintains that the trial court miscalculated the amount of reimbursement because it failed to consider that Randall did not pay child support for the months of December 2013 and January 2014. Patricia also argues that Randall is only entitled to reimbursement for the amount of child support he paid for the two minor children covered by the lump sum payments.

{¶24} In reviewing this matter we note that the record indicates that the figures submitted by the parties in their stipulation only included the total amount of child support paid by Randall for all *three children* from December 1, 2011 through January 31, 2014. Thus, it is unclear from the stipulation what percentage of the $27,311.90 distributed to Patricia in child support was attributable to the two children at issue in the reimbursement matter before the court. To further complicate things, the amount of Randall's child support was modified four times during the period of December 2011 through January 2014 and the parties' oldest child was emancipated in October 2013.

{¶25} We also note that the lump sum payment appears to be a higher monthly payment per child than the monthly amount Randall was required to pay in the trial court's child support orders. As we stated in *Hamilton*, Randall is only entitled to *a dollar for dollar credit* for the amount he paid in child support during the same time period covered by the lump sum payment. Accordingly, Randall is not entitled to receive a reimbursement amount in excess of what he paid in child

support during the time frame at issue. Consequently, because we cannot discern from the figures included in the stipulation whether the trial court was presented with the figures representing the *actual amount* in child support that Randall paid for the two younger children during the relevant time period, we have no choice but to sustain Patricia's fourth assignment of error and to remand the case to the trial court so that it can ascertain the appropriate amount for reimbursement and apply the overpayment credit accordingly.

{¶26} Based on the foregoing, the judgment of the trial court is affirmed in part and reversed in part, and this case is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment Affirmed in Part,*
*Reversed in Part and*
*Cause Remanded*

**ROGERS, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**