[Cite as *In re the Adoption of C.R.R.*, 2015-Ohio-5399.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| IN THE MATTER OF | : | JUDGES: |
| THE ADOPTION OF: | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Sheila G. Farmer, J. |
| C.R.R. | : | Hon. Patricia A. Delaney, J. |
| | : | |
| | : | |
| | : | Case No. 15-CA-50 |
| | : | |
| | : | |
| | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Probate Division, Case No. 20145040


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      December 22, 2015


APPEARANCES:

For Appellant                               For Appellee

HOLLY P. REGOLI                        JAMIE WILLIAMS
433 East Main Street                      323 Main Street
Lancaster, OH  43130                  P.O. Box  53
                                           Duncan Falls, OH  43734

*Farmer, J.*

{¶1}    On December 15, 2006, Heather Romine gave birth to C.R.R.  Established biological father of the child is appellee, Steven Weston.

{¶2}    On October 31, 2014, Ms. Romine's husband, appellant, Gary Romine, filed a petition for adoption of C.R.R.  The petition indicated appellee's consent was not required.

{¶3}    On November 12, 2014, appellee objected to the adoption.  The parties filed stipulations of facts and briefs on May 18, and June 12, 17, and 19, 2015.  By entry filed August 24, 2015, the trial court denied the adoption, finding appellee's consent was necessary and appellee did not consent.

{¶4}    Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶5}    "THE TRIAL COURT'S RULING THAT THE PETITION FOR ADOPTION WAS DENIED SHOULD BE SET ASIDE BECAUSE THE TRIAL COURT ERRED IN RULING ON THE ISSUE OF WHETHER OR NOT CONSENT OF THE BIOLOGICAL FATHER WAS NECESSARY WITHOUT AN EVIDENTIARY HEARING."

II

{¶6}    "THE TRIAL COURT'S RULING THAT THE PETITION FOR ADOPTION WAS DENIED SHOULD BE SET ASIDE BECAUSE THE TRIAL COURT ERRED IN RULING ON THE ISSUE OF WHETHER OR NOT CONSENT OF THE BIOLOGICAL FATHER WAS NECESSARY WITHOUT CONSIDERING BOTH PARTS OF THE

STATUTE REGARDING CIRCUMSTANCES UNDER WHICH CONSENT BY THE NATURAL PARENT IS NOT NECESSARY."

I, II

{¶7} Appellant claims the trial court erred in finding consent was necessary without considering both parts of R.C. 3107.07 and without conducting an evidentiary hearing. We disagree.

{¶8} Although two assignments of error are presented, the pivotal issue is whether appellant waived his right to an evidentiary hearing on the issue of consent. In order to resolve this issue, it is necessary to review the procedural history.

{¶9} On November 12, 2014, appellee objected to the adoption and filed a motion to bifurcate the consent issue from the issue of best interest. By entry filed December 31, 2014, the trial court granted the motion, and stated the scheduled hearing set for February 27, 2015 would "be on the issue of whether the biological father's consent to the adoption is necessary." On February 27, 2015, a hearing entry was filed with the following notations:

> Based upon the foregoing, the Court hereby **ORDERS:**
>
> 4/30/15 Stipulation of facts
>
> 5/29/15 Petitions brief due
>
> 6/19/15 Respondents brief due
>
> 7/31/15 Responses
>
> 8/31/15 Court
>
> 9/10/15 PT 1:30 - 3:00

9/28/15 Hearing all day

9/29/15 Hearing all day

{¶10} Thereafter, each party filed stipulations of facts and briefs (May 18, June 12, 17, and 19, 2015). It is undisputed by the parties that the child receives social security disability via appellee's disability and a child support arrearage does not exist. In the original order for child support filed November 19, 2007 in Case No. 07PA155, appellant was ordered to pay $0.00 per month because the child received a benefit of $942.00 per month from appellee's social security disability and this amount offset appellee's obligation.

{¶11} R.C. 3107.07 governs consents not required for an adoption. Under subsection (A), consent is not required of:

A parent of a minor, when it is alleged in the adoption petition and the court, after proper service of notice and hearing, finds by clear and convincing evidence that the parent has failed without justifiable cause to provide more than de minimis contact with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.

{¶12} In his brief to the trial court, appellant argued appellee "had failed without justifiable cause to provide for the maintenance and support of the minor child as required by law or judicial decree for a period of at least one year immediately preceding the filing of the adoption petition or the placement of the minor in the home of the Petitioner." Appellant argued appellee "both failed to provide more than de minimus contact with his daughter and he did not financially support her voluntarily."

{¶13} In our review of the consent issue, we find the trial court was presented with an issue of law, not fact, after it was conceded that the social security disability payments were considered child support. In its entry filed August 24, 2015, the trial court summarized the procedural history as follows:

The issues concerning Consent and Best Interest were bifurcated by agreement of the parties and therefore the Court is presented with motions and proposed facts limited to the matter of Consent at this time pursuant to ORC 3107.07.

The parties were asked to submit Statements of Facts and Findings of law to the Court. The parties attempted to develop a stipulations of fact but were unable to successfully reach an agreement. Petitioners each filed a proposed stipulations of facts which the court is treating as a proposed finding of fact on 5/18/2014. Petitioner timely filed his brief on 6/12/2015. Biological father filed a stipulation of fact on 5/18/2015 and 6/19/201115 (sic). Biological father filed his brief timely on 7/17/2015.

This matter came before the Court for a non-oral hearing based on motions and proposed stipulations of fact on August 12, 2015 as to matters of Consent pursuant to ORC 3107.07(A). The Court asked for and received additional information from the parties filed on August 21, 2015.

{¶14} The trial court went on to determine the following:

The Court addresses the child support issue outlined in the briefs and proposed stipulations as contemplated in ORC 3107.07. Father has had his Social Security Disability Income redirected to mother Heather Romine on behalf of his minor child [C.R.]. As of August 21, 2015, the payments have continuously been paid to Heather Romine since November 2007.

The Supreme Court of Ohio, in <u>Williams v. Williams</u>, 88 Ohio St. 3d 441 (2000), stated that social security disability payments made to a child on behalf of the non-custodial parent should result in full credit against that parent's current child support obligation, stating as follows:

*"we hold that a disabled parent is entitled to a full credit in his or her child support obligation for Social Security payments received by a minor child. Accordingly, appellant's child support obligation shall be set off by those Social Security payments received on Jessica's behalf. Since the amount of Social Security payments Jessica received exceeds what appellant owed, the trial court shall enter judgment reflecting that no child*

*support is owed from the time she first received the Social Security benefits."* <u>Williams v. Williams</u>, 88 Ohio St. 3d 441 (2000)

Therefore the Court finds that pursuant to ORC 3101.07, that respondent biological father has maintained a child support payment history for the preceding 12 months to the filing of the Petition of Adoption and therefore his consent is found to be necessary for the Petition of Adoption to be granted. Respondent biological father has objected to the Petition of Adoption and does not consent to the adoption and therefore the Court finds that all necessary consents are not obtained and the Petition for Adoption cannot be granted by this court.

{¶15}  Because R.C. 3107.07(A) uses the conjunction "or" as opposed to "and," the issue of consent was completely addressed by the trial court.

{¶16}  Upon review, we find the issue of consent was resolved as a matter of law and was not a disputed fact, and find the trial court did not err in denying the adoption petition as appellee's consent was necessary.

{¶17}  Assignments of Error I and II are denied.

{¶18}  The judgment of the Court of Common Pleas of Fairfield County, Ohio, Probate Division is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Delaney, J. concur.

SGF/sg 121